UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| D.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-599 (EGS) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff D.S. seeks review of an administrative decision denying her request for relief from the District of Columbia Public Schools ("DCPS") for alleged violations of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, by failing to provide her with a free appropriate public education ("FAPE"). Pending before the Court are cross-motions for summary judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, the administrative record, the arguments made by counsel during the motions hearing held on March 25, 2010, and for the reasons stated below, the Court finds that the hearing officer's dismissal of D.S.'s October 2008 due process complaint for lack of jurisdiction was erroneous and is hereby **REVERSED**. Accordingly, plaintiff's motion for summary judgment is **GRANTED**, and defendant's motion for summary judgment is **DENIED**. Because the hearing officer failed to address or make

findings on the merits of the October 2008 due process complaint, the Court concludes that it is necessary to **REMAND** the case to the hearing officer for a determination as to whether there were any IDEA violations and, if so, the amount of compensatory education to which D.S. is entitled.

**I.  BACKGROUND**

**A. Plaintiff's Attendance at Cardozo**

Plaintiff, D.S., is a resident of the District of Columbia, and, at the time this action was filed, a student at Benjamin Cardozo Senior High School ("Cardozo").[1]  D.S. qualifies for special education and related services under the IDEA as a "learning disabled" child.  Def.'s Statement of Material Facts ("Def.'s SMF") ¶ 1.  On February 2, 2007, during the 2006-2007 school year, a Multi-Disciplinary Team ("MDT") met and developed an individual education program ("IEP") for D.S. (the "February 2007 IEP").  *See infra* Section II.A (discussing IEPs under the IDEA).  Plaintiff's February 2007 IEP specified that she was to receive 21 hours of specialized education, and was to be placed in a combination general education and resource classroom setting at Cardozo.  Def.'s SMF ¶ 2.

---

[1]  The Court was informed during the motions hearing held on March 25, 2010, that D.S. has since been placed at the High Road Academy, a specialized alternative education school for high school-aged students facing broad-based learning disabilities, at the District's expense.

Although D.S. continued her education at Cardozo during the 2007-2008 school year, her attendance dropped considerably. Def.'s SMF ¶ 3. Indeed, during the fall semester of 2007–2008, plaintiff had 118 unexcused absences. Def.'s SMF ¶ 3. D.S. was often observed by her teachers "wander[ing] the halls" and "hiding" in the building. *See* Pl.'s SMF ¶ 2; Administrative Hearing Transcript ("Hearing Tr.") at 23-24. In January 2008, an MDT met to review and update plaintiff's February 2007 IEP. Def.'s SMF ¶ 4. Due to plaintiff's poor attendance during the Fall 2007 semester of school, however, the MDT found no evidence that D.S. had mastered any of the goals set forth in her February 2007 IEP. Def.'s SMF ¶ 6. The MDT therefore decided that plaintiff's academic goals in her January 2008 IEP should remain the same. Def.'s SMF ¶ 6.

On May 2, 2008, concerned by plaintiff's attendance problems and poor grades, plaintiff's mother filed an administrative due process complaint alleging that DCPS failed to re-evaluate plaintiff, failed to review plaintiff's IEP, and failed to turn over plaintiff's student records ("May 2008 due process complaint"). Def.'s SMF ¶ 10. On May 28, 2008, a hearing officer issued a decision (the "May 2008 HOD"), which ordered DCPS to fund independent evaluations for plaintiff in several areas, including: a psychological evaluation, a speech and language evaluation, and a vision screening. Def.'s SMF ¶ 11;

Pl.'s SMF ¶ 5. The hearing officer also ordered DPCS to convene an MDT/IEP meeting "no later than one month prior to the start of the 2008/2009 school year" to review the evaluations, revise plaintiff's IEP as necessary, and discuss and determine compensatory education. Pl.'s SMF ¶ 5.

Plaintiff received a psycho-educational evaluation and a speech and language evaluation in July 2008. Def.'s SMF ¶¶ 13-14. These evaluations revealed that D.S. was performing almost eight years below in the areas of Broad Reading, Broad Math, and Broad Written Language. Pl.'s SMF ¶ 9. The evaluations also found a mild clinical risk in the areas of anxiety, depression, aggression, and attention deficit hyperactivity disorder. Pl.'s SMF ¶ 9.

After receiving these evaluations, an MDT meeting was convened on September 2, 2008 to review and revise D.S.'s IEP. Def.'s SMF ¶ 15. During this meeting, the MDT (i) revised plaintiff's IEP to include counseling services; (ii) developed a compensatory education plan for plaintiff; and (iii) recommended that plaintiff receive a Functional Behavioral Assessment. Def.'s SMF ¶¶ 15-16. The Team rejected, however, plaintiff's mother's request for an independent clinical psychological evaluation of D.S.

During the September MDT/IEP meeting, plaintiff's mother also shared her reservations about allowing D.S. to return to

4

Cardozo, informing the MDT that she had not yet enrolled her daughter for the 2008-2009 school year. *See* Pl.'s SMF ¶ 15; Def.'s SMF ¶ 20. Nevertheless, in mid-October, plaintiff's mother re-enrolled D.S. at Cardozo. Def.'s SMF ¶ 22. D.S., however, continued to avoid attending class, and routinely wandered the hallways of the school and hid from her teachers. *See* Def.'s SMF ¶¶ 25-27; *see also* Hearing Tr. at 48 (discussing how D.S. "manage[d] to somehow be in the school and actually not go to class").

### B. Plaintiff's Due Process Complaint & Administrative Hearing

On October 7, 2008, one week prior to formally enrolling at Cardozo, plaintiff's mother filed a second administrative due process complaint ("October 2008 due process complaint") challenging the September 2008 IEP. Specifically, plaintiff's mother alleged that DCPS had failed to: (i) develop an appropriate IEP for D.S.; (ii) place D.S. in a proper school; (iii) properly implement the D.S.'s IEP; and (iv) evaluate D.S. in all areas of suspected disability. *See* Administrative Record ("AR") 12-20. The October 2008 due process complaint sought, *inter alia*, reasonable compensatory education, placement at an appropriate school, an independent clinical psychological evaluation, and revision of D.S.'s IEP. *See* AR 17-18.[2]

---

[2] During the motions hearing held on March 25, 2010, the Court was also informed that through the diligent efforts of plaintiff's mother, D.S. has now received the majority of relief

5

A hearing on the October 2008 due process complaint was held on November 10, 2008, during which plaintiff's mother and an educational advocate testified on D.S.'s behalf. *See generally* Hearing Tr. A hearing officer's decision was issued on November 20, 2008 (the "November 2008 HOD"), which dismissed the October 2008 due process complaint with prejudice. AR 2-7. In her dismissal order, the hearing officer found that she "lacked jurisdiction" over the due process complaint because D.S. was not enrolled in any District of Columbia school at the time her complaint was filed. AR 6. The Hearing Officer also found that D.S.'s lack of enrollment made it "physically impossible for Cardozo to revise [plaintiff's] IEP, implement her IEP, evaluate her in any area of suspected ability, or determine appropriate placement." AR 6. Finally, the hearing officer concluded that the due process complaint was "frivolous" because "[c]ounsel knew or should have known that th[e] Hearing Officer would have no jurisdiction." AR at 6.

Less than one week after the decision was rendered, on November 26, 2008, D.S.'s mother filed a motion for reconsideration. *See* AR 176-187. The hearing officer, however, did not respond to the motion. *See* Pl.'s Compl. ¶ 21 ("Hearing

---

requested in her October 2008 due process complaint. Specifically, (i) an independent clinical psychological evaluation has been performed; (ii) plaintiff's IEP has been revised; and (iii) plaintiff received an appropriate educational placement at High Road Academy. The only relief still requested by plaintiff, therefore, is compensatory education.

6

Officer Raskin failed to respond to the parent's motion for reconsideration within the allotted thirty-day time line and as a result the parent brings the instant action.").

## C. This Action

Accordingly, on March 31, 2009, D.S. filed suit in this Court alleging violations of the IDEA. Plaintiff's three-count complaint asks the Court to "reverse the November 2008 HOD" and find that "DCPS owes an affirmative duty to provide FAPE despite enrollment status." *See* Compl. at 9. On July 24, 2009, plaintiff filed a motion for summary judgment seeking reversal of the November 2008 HOD; on August 21, 2009, the District filed a cross-motion for summary judgment asking the Court to affirm the November 2008 HOD. These motions are now ripe for determination by the Court.

## II. STATUTORY FRAMEWORK AND LEGAL STANDARD

### A. The IDEA

The IDEA was enacted to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). It requires all states and the District of Columbia to provide resident children with disabilities a FAPE designed to meet their unique needs. *Id.* § 1412(a)(1).

7

The IDEA attempts to guarantee children with disabilities a FAPE by requiring states and the District of Columbia to institute a variety of detailed procedures. "'[T]he primary vehicle for implementing'" the goals of the statute "'is the [IEP], which the [IDEA] mandates for each child.'" *Harris v. District of Columbia*, 561 F. Supp. 2d 63, 65 (D.D.C. 2008) (citing *Honig v. Doe*, 484 U.S. 305, 311-12 (1988)). An IEP is a written document that describes the impact of the child's disabilities, annual "academic and functional" goals for the child, and the forms of individualized education and support that will be provided to the child in view of the child's disabilities and in order to aid the child's developmental and academic progress. *See* 20 U.S.C. § 1414(d)(1)(A). Because the IEP must be "tailored to the unique needs" of each child, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 181 (1982), it must be regularly revised in response to new information regarding the child's performance, behavior, and disabilities. *See* 20 U.S.C. §§ 1414(b)-(c). Furthermore, the school district must take care to generate that new information as needed, through assessments and observations of the child. *See id.* §§ 1414(c)(1)-(2). To be sufficient to confer a FAPE upon a given child, an IEP must be "reasonably calculated to enable the child to receive educational benefits." *Rowley*, 458 U.S. at 207.

**B. Standard of Review**

Under the IDEA, a party aggrieved by a hearing officer's decision may bring a civil action challenging it in state or federal court. 20 U.S.C. § 1415(i)(2)(A). A court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as [it] determines is appropriate." *Id*. § 1415(i)(2)(c). If neither party introduces additional evidence, a motion for summary judgment acts as a motion for judgment based on the evidence in the record. *Brown ex rel. E.M. v. District of Columbia*, 568 F. Supp. 2d 44, 50 (D.D.C. 2008). The party challenging the administrative decision carries the burden of "persuading the court that the hearing officer was wrong." *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (internal quotation marks omitted). A court must give "'due weight'" to the hearing officer's determinations and "may not substitute its own notions of sound educational policy for those of the school authorities." *S.S. v. Howard Road Acad.*, 585 F. Supp. 2d 56, 63-64 (D.D.C. 2008) (quoting *Rowley*, 458 U.S. at 206).

Less deference, however, is to be accorded to the hearing officer's decision than would be the case at a conventional administrative proceeding. *Reid*, 401 F.3d at 521. Indeed, the

Court is "obligated by IDEA to ensure that relief set forth in the administrative award was 'appropriate'[.]" *Id*. The Court, therefore, may not simply "rely on the hearing officer's exercise of discretion." *Id*. "Where the administrative record lacks pertinent findings and where neither party requested consideration of additional evidence, the [Court] may determine that the appropriate relief is a remand to the hearing officer for further proceedings." *Stanton v. District of Columbia,* No. 09-988, 2010 U.S. Dist. LEXIS 6609, at *10 (D.D.C. Jan. 27, 2010) (citing *Reid*, 401 F.3d at 526) (internal quotation marks omitted).

## III. ANALYSIS

Plaintiff seeks reversal of the November 2008 HOD. As discussed above, the hearing officer found that she "lacked jurisdiction" over the October 2008 due process complaint because D.S. was not enrolled in any District of Columbia school at the time the due process complaint was filed. AR at 6. She also determined that plaintiff's lack of enrollment made it "physically impossible" for Cardozo to revise plaintiff's IEP, implement her IEP, evaluate her in any area of suspected ability, or determine an appropriate educational placement. AR at 6. In addition, based on her finding of jurisdictional defect, the hearing officer found that the October 2008 due process complaint

was "frivolous." AR at 6. Plaintiff argues that this decision was rendered in error, and this Court agrees.

As the District acknowledges, DCPS is required to "make a [FAPE] available to each child with a disability, ages three to twenty-two, who resides in, or is a ward of, the District." D.C. Mun. Regs. tit. 5, § 3002.1(a); *see also* Def.'s Cross-Mot. at 16 (agreeing with plaintiff's assertion that "DCPS is required to provide FAPE to disabled students who reside in the District"). The obligation to provide a FAPE, therefore, is triggered by a child's residency in the District – not the child's enrollment in a public school in the District. Indeed, regardless of a child's enrollment status, DCPS is required to "ensure that procedures are implemented to identify, locate, and evaluate all children with disabilities residing in the District who are in need of special education and related services, including children with disabilities attending private schools," *id.* § 3002.1(d), and must make a FAPE available "to any child with a disability who needs special education and related services, including children who are suspended or expelled, and highly mobile children[.]" *Id.* § 3002.1(e).

Because DCPS has an ongoing, affirmative obligation to locate children with disabilities residing in the District and to provide them with a FAPE, a child's school enrollment status has never been a condition precedent to the filing of a due process

11

complaint. To the contrary, the IDEA affords parents the opportunity to file administrative complaints and request due process hearings "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A); *see also* D.C. Mun. Regs. tit. 5, § 3029.1 (same).

The Court, therefore, concludes that the hearing officer erred in ruling that she lacked jurisdiction to consider the October 2008 due process complaint based on D.S.'s enrollment status. Nothing in IDEA or the case law interpreting its administrative review procedures suggests such a limitation, and it was error for the hearing officer to dismiss D.S.'s complaint on those grounds. The hearing officer also erred, therefore, in finding that plaintiff's complaint was "frivolous."

While conceding that "the hearing officer's conclusion that Plaintiff's non-enrollment in a D.C. Public School meant that the hearing officer had no jurisdiction to hear the case, *was in error*," Def.'s Cross-Mot. at 15 (emphasis added), the District nevertheless urges the Court to uphold the November 2008 HOD. *See* Def.'s Cross-Mot. at 12 (admitting that the Hearing Officer relied on "two inapplicable statutes," but arguing that "the hearing officer's decision to dismiss Plaintiff's due process complaint was the correct one"). Specifically, the District

contends that summary judgment should be entered in its favor because D.S. failed to adduce sufficient evidence to prove, by a preponderance of the evidence, that her IEP was inappropriate, was not being implemented, and that Cardozo was an inappropriate placement for her. *See* Def.'s Cross-Mot. at 16-19 (analyzing how plaintiff failed to meet her burden of proof).

Lacking "'the expertise of the hearing officer and school officials responsible for the child's education,'" Def.'s Mot. at 14 (quoting *Lyons v. Smith*, 829 F. Supp. 414, 418 (D.D.C. 1993)), the Court concludes that the District's motion for summary judgment must be **DENIED** because the November 2008 HOD fails to address the merits of plaintiff's due process complaint. Consequently, "a remand for further consideration of the evidence, and for further findings of fact and conclusions of law, is the only vehicle by which review consistent with the applicable statutory scheme can be accomplished." *Options Pub. Charter Sch. v. Howe*, 512 F. Supp. 2d 55, 57-58 (D.D.C. 2007); *see also, e.g.*, *Stanton*, 2010 U.S. Dist. LEXIS 6609 (remanding case to hearing officer for supplementation of the record and for a determination on compensatory education)*; Peak v. District of Columbia*, 526 F. Supp. 2d 32, 33 (D.D.C. 2007) (remanding case to hearing officer, where the hearing officer made no findings as to whether DCPS denied the child a FAPE); *Goldstrom v. District of Columbia*, 319 F. Supp. 2d 5, 6 (D.D.C. 2004) (same).

Accordingly, the November 2008 HOD is hereby **REVERSED**, and the action is **REMANDED** to the hearing officer for a determination on the merits.  The hearing officer is directed to determine whether D.S. was denied a FAPE and, if so, the amount of compensatory education to which she is entitled.

**IV. CONCLUSION**

For the reasons set forth above, the Court **REVERSES** the November 2008 HOD and **REMANDS** this action to the hearing officer for consideration on the merits.  Plaintiff's motion for summary judgment is hereby **GRANTED**, and defendant's motion for summary judgment is **DENIED**.

**SIGNED:   Emmet G. Sullivan**
**United States District Court Judge**
**March 30, 2010**